15-2665-cv, 15-3504-cv, 15-3553-cv, 15-4189-cv
Ross, et al. v. AXA Equitable Life Ins. Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of February, two thousand seventeen.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                    *Circuit Judges*.

_____

JONATHAN ROSS, DAVID LEVIN,

                    *Plaintiffs-Appellants*,

            v.                                                    15-2665-cv

AXA EQUITABLE LIFE INSURANCE COMPANY,

                    *Defendant-Appellee*.[1]

_____

[1] The Clerk of Court is respectfully directed to amend the caption as above.

MARIA DEL CARMEN ROBAINAS, GIOVANNI
VALLADARES, JOSE A. CAPABLANCA,
MODESTO MARTIN, JACQUELINE J. RUSS,
ALLEN PEREZ, GREGORY TRUITT, EDUARDO J.
PRIETO, JAMES T. FAVRE, INTERNATIONAL
ASSOCIATION OF MACHINISTS AND
AEROSPACE WORKERS, DISTRICT LODGE 15,

*Plaintiffs-Appellants*,

v.                                                    15-3504-cv

METROPOLITAN LIFE INSURANCE COMPANY,

*Defendant-Appellee.*[2]

CALVIN W. YARBROUGH, ON BEHALF OF
HIMSELF AND ALL OTHERS SIMILARLY
SITUATED,

*Plaintiffs-Appellants*,

v.                                                    15-3553-cv

AXA EQUITABLE LIFE INSURANCE COMPANY,

*Defendant-Appellee.*

MARK ANDREW INTOCCIA, SR., ON BEHALF OF
HIMSELF AND ALL OTHERS SIMILARLY
SITUATED, RONALD F. WEILERT,
INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED, ANN M.
WEILERT, INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED,

*Plaintiffs-Appellants*,

v.                                                    15-4189-cv

METROPOLITAN LIFE INSURANCE COMPANY,

*Defendant-Appellee.*

_____

[2] The Clerk of Court is respectfully directed to amend the official caption as above.

2

Appearing for Appellants:    Timothy W. Burns, Perkins Coie LLP (David J. Harth, Jeff J. Bowen, Freya K. Bowen, Eric D. Miller, *on the brief*), Madison, WI, *for* all Appellants.

Edward W. Ciolko, Kessler Topaz Meltzer & Check LLP, Radnor, PA, *for* Appellants Andrew Intoccia, Sr., on behalf of himself and all others similarly situated, Ronald F. Weilert, individually and on behalf of all others similarly situated, and Ann M. Weilert, individually and on behalf of all others similarly situated.

Glen L. Abramson, Berger & Montague, P.C., Philadelphia PA, *for* Appellant International Association of Machinists and Aerospace Workers, District Lodge 15.

Appearing for Appellee AXA Equitable Life Insurance Company:
    Elizabeth M. Sacksteder, Paul, Weiss, Rifkind, Wharton & Garrison LLP (Brad S. Karp, Bruce Birenboim, Justin D. Lerer, *on the brief*), New York, NY.

Appearing for Appellee Metropolitan Life Insurance Company:
    Sandra D. Hauser, Dentons US LLP (Patrick J. Gennardo, *on the brief*), New York, NY.

Appeal from the United States District Court for the Southern District of New York (Furman, Cote, Sullivan, *Js.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of said District Courts be and hereby are **AFFIRMED**.

Plaintiffs-Appellants Jonathan Ross, David Levin, Calvin W. Yarbrough, on behalf of himself and all others similarly situated, Maria Del Carmen Robainas, Giovanni Valladares, Jose A. Capablanca, Modesto Martin, Jacqueline J. Russ, Allen Perez, Gregory Truitt, Eduardo J. Prieto, James T. Favre, International Association of Machinists and Aerospace Workers, District Lodge 15, Mark Andrew Intoccia, Sr., on behalf of himself and all others similarly situated, Ronald F. Weilert, individually and on behalf of all others similarly situated, and Ann M. Weilert, individually and on behalf of all others similarly situated, (collectively "Appellants") appeal from four judgments of the United States District Court for the Southern District of New York (Furman, Cote, Sullivan, *Js.*), dismissing for lack of Article III standing Appellants' four putative class action suits on behalf of: (1) all those who purchased, renewed, or paid premiums for life insurance issued by Defendant-Appellee AXA Equitable Life Insurance Co. ("AXA") between 2011 and March 11, 2014; (2) all those who purchased, renewed, or paid premiums for life insurance or group life insurance issued by Defendant-Appellee Metropolitan Life Insurance Co. ("MLIC") between February 1, 2008 and December 16, 2014; (3) all those who purchased, renewed, or paid premiums for Guaranteed Benefits Insurance Riders attached to variable annuity contracts issued by AXA between January 1, 2011 and March 11, 2014; and (4) all those who purchased, renewed, or paid premiums for Guaranteed Benefits Insurance Riders attached to

variable annuity contracts issued by MLIC between April 20, 2009 and April 20, 2015. *See Yarbough v. AXA Equitable Life Ins. Co.*, No. 15-cv-2582, 2015 WL 6792225 (S.D.N.Y. Oct. 22, 2015) (Sullivan, *J.*); *Robainas v. Metro. Life Ins. Co.*, No. 14cv9926, 2015 WL 5918200 (S.D.N.Y. Oct. 9, 2015) (Cote, *J.*); *Ross v. AXA Equitable Life Ins. Co.*, 115 F. Supp. 3d 424 (S.D.N.Y. 2015) (Furman, *J.*); App'x at 471.We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issue for review.

On appeal from a dismissal under Federal Rule of Civil Procedure 12(b)(1), "we review the [district] court's factual findings for clear error and its legal conclusions de novo." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l.*, 790 F.3d 411, 417 (2d Cir. 2015) (citation omitted). This court must "accept as true all material allegations in the complaint" and "construe the complaint in favor of the complaining party." *Id.* (internal quotation marks and citations omitted).

"To satisfy the irreducible constitutional minimum of Article III standing, a plaintiff must demonstrate (1) injury in fact, (2) a causal connection between that injury and the complained-of conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." *Strubel v. Comenity Bank*, 842 F.3d 181, 187-88 (2d Cir. 2016) (internal quotation marks and citation omitted). Here, we focus on the first element—injury in fact. "To demonstrate injury in fact, a plaintiff must show the invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 188 (internal quotation marks and citation omitted). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1547 (2016) (citation omitted). "Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element." *Id.* (internal ellipses, quotation marks, and citation omitted).

Appellants first argue they have Article III standing because they have alleged a violation of New York Insurance Law Section 4226 and the injury inherent in the statutory violation is sufficient, by itself, to constitute injury in fact. We disagree.

In *Spokeo*, the Supreme Court stopped short of conferring Article III standing to any person by virtue of that person having been granted a statutory right to sue, holding "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1549. The Supreme Court instead suggested that "the risk of real harm [might] satisfy the requirement of concreteness" in some circumstances, such as where "the common law permitted suit in such instances[.]" *Id.* The Court stated that where a violation of a statute "may result in no harm" or not "present any material risk of harm[,]" a plaintiff will not be able to "satisfy the demands of Article III by alleging a bare [statutory] violation." *Id.* at 1550.

In *Strubel v. Comenity Bank*, this Court considered whether four alleged violations of the Truth in Lending Act ("TILA") were sufficient to convey Article III standing absent a separate injury allegation under *Spokeo*. 842 F.3d at 185-86, 190-94. This Court held that a violation of two of TILA's requirements, namely (1) the requirement of notice to the consumer of consumer rights pertaining to disputed credit card purchases and (2) the requirement that a dissatisfied consumer must notify the creditor in writing, gave rise to Article III standing absent a separate injury. *Id.* at 190. As this Court explained, "[a] consumer who is not given notice of *his*

4

obligations is likely not to satisfy them and, thereby, unwittingly lose the very credit rights that the law affords him. For that reason, a creditor's alleged violation of each notice requirement, by itself, gives rise to a risk of real harm to the consumer's concrete interest in the informed use of credit." *Id.* at 190-91 (internal quotation marks and citation omitted). In contrast, this Court held that the "alleged defect in 30-day notice of correction[] does not, by itself, present any material risk of harm" and therefore was insufficient for Article III standing without a separate alleged injury. *Id.* at 193 (internal quotation marks and citation omitted).

Appellants cannot rely solely on a violation of New York Insurance Law Sections 4226(a)(4) and (d) in order to satisfy Article III's injury-in-fact requirement. Section 4226(a)(4) provides that an insurer shall not "make any misleading representation, or any misrepresentation of the financial condition of any such insurer or of the legal reserve system upon which it operates[.]" N.Y. Ins. Law § 4226(a)(4). As in *Strubel*, a violation of Section 4226(a)(4) alone does not inherently present any material risk of harm. 842 F.3d at 193; *see also Spokeo*, 136 S. Ct. at 1550 ("[N]ot all inaccuracies cause harm or present any material risk of harm."). The mere fact that an insurer may make a misleading representation does not require or even lead to the necessary conclusion that the misleading representation is material or even likely to cause harm. Further, Appellants here, like the plaintiff in *Strubel*, fail to allege that they would not have purchased the life insurance and annuity riders provided by AXA and MLIC had they known of AXA's and MLIC's alleged shadow insurance practices. Appellants also fail to allege, or even suggest, that consumers generally would not have purchased AXA's and MLIC's life insurance and annuity riders had they known about the alleged shadow insurance practices. Under *Strubel*, Appellants' allegations are insufficient to support a conclusion that a plain violation of Section 4226 creates an injury in fact sufficient for Article III standing. *See* 842 F.3d at 193.

In order to suffice for Article III standing, an injury in fact must not only be concrete and particularized, it must also be "actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548 (internal quotation marks and citation omitted). "Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending." *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) (internal quotation marks and citation omitted; emphasis in original). The Supreme Court has therefore "repeatedly reiterated that threatened injury must be *clearly impending* to constitute injury in fact, and that allegations of *possible* future injury are not sufficient." *Id.* (internal quotation marks and citations omitted; emphasis in original). A "speculative chain of possibilities does not establish that [the] injury [alleged] is certainly impending[.]" *Id.* at 1150.

Appellants argue that they have suffered an injury in fact because there is an increased risk that AXA and MLIC will be unable to pay Appellants' claims in the event of an economic downturn. This allegation travels too far down the speculative chain of possibilities to be "clearly impending." *Clapper*, 133 S. Ct. at 1150. An economic downturn would have negative effects on all financial contracts, even those that do not contain the hidden risks that Appellants allege here. Such an economic downturn is not only speculative itself, but also simply the first of many necessary conditions that must be fulfilled (including a bank lender of a letter of credit ("LOC") refusing to renew its outstanding LOCs to the reinsurer or, alternatively, the parent company or the New York Department of Financial Services pressuring AXA or MLIC not to draw down the

available LOC) in order for the risk Appellants posit to cause them harm. Accordingly, Appellants have failed to allege injury in fact on the basis of an increased risk of nonpayment because the "speculative chain of possibilities [alleged by Appellants] does not establish that [the] injury [alleged] is certainly impending[.]" *Id*.

Appellants also argue they have suffered an injury because they purchased life insurance policies and annuity riders that were inferior, due to the shadow insurance transactions, to life insurance policies and annuity riders that Appellants would have been able to buy for the same price that do not have such shadow transactions. Appellants, however, do not allege that the amount to be paid out by the life insurance policies or by the annuity riders they bought has decreased. The value of a life insurance policy or an annuity rider is the amount that will be paid by the policy in the future. *See, e.g.*, *Foster Hose Supporter Co. v. Taylor*, 184 F. 71, 73 (2d Cir. 1911) (noting the substance of a life insurance policy is the "promise to pay the insurance" in exchange for the holder's "punctual payment of the premiums"). Appellants therefore cannot allege a current injury, as the value of the life insurance policies and annuity riders has not changed. Instead, Appellants only allege that the amount that will be paid out, *i.e.* the value of the insurance policy and annuity rider, *might* decrease in the future. Like Appellants' "increased risk" claim, any injury for a possible inability of AXA and MLIC to fully pay out the life insurance and annuity rider claims in the future is speculative and hypothetical.

We have considered the remainder of Appellants' arguments and find them to be without merit. Accordingly, the judgments of the district courts hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6